**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **EMPIRE FIRE & MARINE INSURANCE COMPANY** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 2:17cv426** |
| **GLENDA PANDT-BROWN** | ) | |
| **And** | ) | |
| **JACK GUEMPLE** | ) | |
| **Defendants.** | ) | |

**DEFENDANT JACK GUEMPLE'S ANSWER TO PLAINTIFF'S COMPLAINT**

AND NOW comes defendant, Jack Guemple, by his attorneys, and files this Answer to Plaintiffs' Complaint as follows:

**PARTIES**

1. Admitted in part. It is admitted that Plaintiff Empire Fire & Marine is an insurance company organized and existing under the laws of the State of Nebraska; defendant has no knowledge as to its principal place of business and can neither admit nor deny the same and demands strict proof thereof.

2. Denied. Defendant can neither admit nor deny statements made in paragraph 2 and therefore denies the same and demands strict proof thereof.

3. Admitted.

## NATURE OF ACTION

4. Denied as stated. It is denied that there is a real and justiciable controversy.

5. Denied as stated. It is denied that there is a real and justiciable controversy. The underling lawsuit resulted in a jury verdict in favor of the defendant, Guemple in the amount of $1,600,000.00 on October 31, 2017. Defendant denies that Pandt-Brown elected coverage under the policy terms set forth in the Complaint, but rather selected a $1,000,000 liability policy. No election was made as to any other term of that coverage.

6. Defendant denies that any reservation of rights letters was received by Pandt-Brown and demands strict proof thereof.

7. Legal conclusion that does not require an answer; to the extent an answer is required it is Denied.

## JURISDICTION AND VENUE

8. Denied as stated. It is denied that there is a real and justiciable controversy.

9. The dispute that remains among the parties is a breach of contract and enforcement action that should be pursued in New York. Defendant denies that diversity will exist in that matter.

10. Denied.

11. Denied.

## FACTUAL BACKGROUND

### A. The Supplemental Liability Policy

12. Admitted in part and denied in part. It is admitted that Plaintiffs are re-alleging prior allegations. These allegations are admitted or denied in accordance with the prior Answers to this Complaint.

13. Denied. Defendant can neither admit nor deny these allegations and therefore denies and demands strict proof thereof.

14. Denied. Defendant can neither admit nor deny these allegations and therefore denies and demands strict proof thereof.

15. Denied. Defendant can neither admit nor deny these allegations and therefore denies and demands strict proof thereof.

16. Denied. Defendant can neither admit nor deny these allegations and therefore denies and demands strict proof thereof.

17. Denied. Defendant can neither admit nor deny these allegations and therefore denies and demands strict proof thereof.

18. Denied. Defendant can neither admit nor deny these allegations and therefore denies and demands strict proof thereof.

19. Denied. Defendant can neither admit nor deny these allegations and therefore denies and demands strict proof thereof.

**B. <u>The Underlying Action</u>**

20. Admitted in part and denied in part. It is admitted that Plaintiffs are re-alleging prior allegations. These allegations are admitted or denied in accordance with the prior Answers to this Complaint.

21. Admitted

22. Admitted

23. Admitted

24. Admitted

25. Admitted

26. Admitted

**COUNT I – DECLARATORY RELIEF REGARDING COVERAGE**

27. Admitted in part and denied in part. It is admitted that Plaintiffs are re-alleging prior allegations. These allegations are admitted or denied in accordance with the prior Answers to this Complaint.

28. Denied as stated. It is denied that there is a real and justiciable controversy.

29. The allegations of this paragraph are conclusions of law and require no answer by this defendant. Insofar as a contrary result may obtain, defendant specifically denies these allegations.

30. The allegations of this paragraph are conclusions of law and require no answer by this defendant. Insofar as a contrary result may obtain, defendant specifically denies these allegations.

31. The allegations of this paragraph are conclusions of law and require no answer by this defendant. Insofar as a contrary result may obtain, defendant specifically denies these allegations.

32. The allegations of this paragraph are conclusions of law and require no answer by this defendant. Insofar as a contrary result may obtain, defendant specifically denies these allegations.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs did not issue a timely Reservation of Rights Letter.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' attempts to deny coverage to its policyholders are against public policy.

**THIRD AFFIRMATIVE DEFENSE**

The policies of insurance referred to in the instant action are clear that the claims of this Defendant are covered claims and any policy provision, exclusion or limitation should be strictly construed against the Plaintiffs herein.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff should be estopped from proffering alleged policy terms after the insured, Ms. Pandt Brown has left the country and is not available to contest that she was ever presented with those terms.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff made some reference to the purported exclusions in some inconspicuous manner as part of a car rental process, these terms would result in this being an adhesion contract and against public policy.

**SIXTH AFFIRMATIVE DEFENSE**

New York has the greater interest in resolving important issues of law with respect to a policy that was purchased and delivered in that state, and this Court should decline jurisdiction.

WHEREFORE, Defendant Jack Guemple respectfully request this Honorable Court deny and dismiss Plaintiff's Complaint in its entirety and enter Judgement compelling Plaintiffs to defend and indemnify Glenda Pandt-Brown as to the claims of Jack Guemple.

Respectfully submitted,

JACK GUEMPLE
By Counsel
*/s/*____________________________

Richard J. Serpe, Esq. (33340)
Law Offices of Richard J. Serpe, P.C.
580 East Main Street, Suite 310
Norfolk, VA 23510
Telephone: (757) 233-0009
Facsimile: (757) 233-0455
Email: rserpe@serpefirm.com

Adam H. Lotkin, Esq. (45588)
RUTTER MILLS, LLP
160 W. Brambleton Avenue
Norfolk, VA 23510
Telephone: (757) 622-5000
Facsimile: (757) 623-9189
Email: alotkin@ruttermills.com
*Counsel for Defendant Jack Guemple*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

Kelly M. Kippincott, Esq.
M. Therese Waymel, Esq.
Carr Maloney P.C.
2020 K Street, NW, Suite 850
Washington, DC 20006
Telephone: (202) 310-5500
Facsimile: (202) 310-5555
Email: kml@carrmaloney.com
mtw@carrmaloney.com

*/s/* ______________________________
Richard J. Serpe, Esquire