

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**EMPIRE FIRE & MARINE INSURANCE CO.,**

    **Plaintiff,**

v.                                      ACTION NO: 2:17cv426

**GLENDA PANDT-BROWN**
and
**JACK GUEMPLE,**

    **Defendants.**

## MEMORANDUM ORDER

This matter is before the court on the Motion to Dismiss ("Motion") filed by the Defendant, Jack Guemple ("Guemple"), on December 8, 2017. ECF Nos. 11, 12. The Plaintiff Empire Fire and Marine Insurance Company ("Empire") filed an Opposition to the Motion ("Opposition") on December 22, 2017. ECF No. 14. Guemple filed a Reply in Opposition ("Reply") on January 5, 2018. ECF No. 18. Upon order of the court, a Sur-Reply was filed by Empire on February 1, 2018. ECF No. 21.

On January 11, 2018, the Motion was referred to United States Magistrate Judge Robert J. Krask, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary

hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motion. ECF No. 19. The Magistrate Judge filed the Report and Recommendation ("R&R") on February 26, 2018, ECF No. 22, recommending that Guemple's Motion be denied. Id. at 1.

By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. Id. at 18-19. On March 12, 2018, both parties filed objections to the R&R. ECF Nos. 23, 24. On March 26, 2018, Empire responded to Guemple's objections. ECF No. 25. The matter is now ripe for review.

## I. LEGAL STANDARDS

### A. Review of the Magistrate Judge's R&R

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the plaintiff has specifically objected. Fed. R. Civ. P. 72(b). Objections must be "specific and particularized." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

2

## B. Motion to Dismiss

Pursuant to Rule 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests only the sufficiency of a complaint; it does not resolve contests regarding the facts of the case, the merits of a claim, or the applicability of any defense. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is, therefore, not enough for a plaintiff to allege facts demonstrating a "sheer possibility" or "mere[] consist[ency]" with unlawful conduct. Id. (citing Twombly, 550 U.S. at 557).

The Supreme Court, in Twombly and Iqbal, offered guidance to courts evaluating a motion to dismiss:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

3

> conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679. That is, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. See, e.g., Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005). After doing so, the court should not grant the defendant's motion if the plaintiff "demonstrate[s] more than 'a sheer possibility'" that the defendant has violated his rights, by "articulat[ing] facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 677-78).

In considering a motion to dismiss, courts are generally "not to consider matters outside the pleadings or resolve factual disputes." Bosiger v. U.S. Airways, Inc., 510 F.3d 442, 450 (4th Cir. 2007); see also Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004). However, the court "may . . . consider documents attached to the complaint." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). The court may also consider documents "attached to [a] motion to dismiss, so long as they are integral to the

4

complaint and authentic." Id.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 2015, Glenda Pandt-Brown, a co-defendant in this case, rented an automobile from Enterprise Rent-a-Car ("Enterprise"). Compl. ¶ 13, ECF No. 1. Pandt-Brown elected to purchase a Supplemental Rental Liability Policy ("Policy") as part of her rental agreement, which insurance was provided by Empire. Id. The Policy provided that it did not apply to "[p]unitive or exemplary damages" or "[l]oss arising out of an 'accident' which occurs while the 'insured' is under the influence of alcohol or drugs." Compl. Ex. 2 at 6, ECF No. 1-2. That day, Pandt-Brown was involved in a collision with Guemple, which resulted in significant injuries to Guemple. Compl. ¶ 21. It is undisputed that Pandt-Brown was under the influence of alcohol at the time of the accident. Id. ¶ 17.

On June 20, 2016, Guemple filed an action for negligence and punitive damages against Pandt-Brown in the Circuit Court for the City of Portsmouth. Id. ¶ 5. Guemple alleges that Empire defended Pandt-Brown in that action. Mem. Supp. Mot. Dismiss at 2, ECF No. 12. On October 31, 2017, a jury entered a verdict in the amount of $1,600,000.00 in favor of Guemple. Id.

On August 11, 2017, prior to that judgment but after the initiation of Guemple's claim against Pandt-Brown, Empire filed a Complaint seeking a declaratory judgment pursuant to 28 U.S.C.

§ 2201 and Rule 57 of the Federal Rules of Civil Procedure. Compl. ¶ 4. In its Complaint, Empire requested that this court declare that Empire has no duty to defend Pandt-Brown for the claims asserted against her or to provide coverage to either Pandt-Brown or Guemple for losses arising from the accident. Id.

On December 8, 2017, Guemple filed a Motion to Dismiss the Complaint, arguing that (1) the Complaint "was not timely filed"; (2) declaratory judgment would "not 'serve a useful purpose"; (3) considerations of "federalism, efficiency, and comity d[id] not support this court's exercise of jurisdiction"; and (4) the Complaint failed to state a claim upon which relief could be granted. Mem. Supp. Mot. Dismiss at 6-10. On December 22, 2017, Empire submitted an Opposition to Guemple's Motion, arguing that (1) the Complaint was timely; (2) a declaratory judgment would serve to "determine whether Empire must indemnify Pandt-Brown"; (3) "federalism, efficiency, and comity" weighed in favor of a declaratory judgment; and (4) the Complaint stated a claim for relief. Mem. Supp. Opp'n Mot. Dismiss at 3-15, ECF No. 15.

Guemple filed a Reply to Empire's Opposition on January 5, 2018. In his Reply, Guemple argued for the first time that Empire had failed to "establish[] that it is the real party in interest." Reply at 2. In support, Guemple attached the Rental Agreement Summary, which provides that Enterprise

"purchases no third-party insurance covering th[e] rental," and gives the operator the option to purchase supplemental liability coverage from Enterprise, not from a third party. Reply at 1-2.

The Magistrate Judge ordered Empire to file a Sur-Reply in light of the new argument and evidence presented in Guemple's Reply. ECF No. 20. In its Sur-Reply, Empire argued that it is the real party in interest because it has "the right to enforce the claim" and "has a significant interest in the litigation." Sur-Reply at 5. In support, Empire introduced the Rental Agreement Jacket ("Jacket"), which provides that "the renter agrees to pay either Enterprise, or its affiliates or agents." Id. at 2. The Jacket also provides a summary of the Policy, which identifies "Empire Fire and Marine Insurance Company" as the "Carrier" of the Policy. Id. at 4.

The Magistrate Judge found Empire's arguments convincing and recommended that the court deny Guemple's Motion. R&R at 18. Guemple now objects, arguing that the Magistrate Judge should not have considered the Jacket at the motion to dismiss stage because it "was not a part of the Complaint." Def.'s Obj. at 2, ECF No. 24. Guemple also argues that the Magistrate Judge erred in concluding that a declaratory judgment would serve a proper purpose and was timely filed, and that the factors outlined in Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 378 (4th Cir. 1994) did not preclude declaratory judgment in this

7

case. Def.'s Obj. at 5-6.

Empire disagrees. Pl.'s Resp. Def.'s Obj. at 1, ECF No. 25. In its Response, it argues that the Jacket is "central to [its] declaratory judgment action" and should, therefore, be considered. Id. at 2. Additionally, Empire argues that if the court does not consider the Jacket, it should also decline to consider the Rental Agreement Summary produced by Guemple in his Reply. Id. Doing so, it points out, would undermine the only support for Guemple's real-party-in-interest argument. Id. Empire also raises its own partial objection, asking this court to clarify that the question of what law applies to the insurance agreement remains unresolved. Pl.'s Obj. at 1-2, ECF No. 23.

### III. ANALYSIS

#### A. Empire as a Real Party in Interest

Rule 17 of the Federal Rules of Civil Procedure provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The meaning and object of the real party in interest principle embodied in Rule 17 is that the action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation." Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (4th Cir. 1973). The Fourth Circuit has stated that the rule is "[i]ntended to expand

the class of those who may sue to include persons having an equitable or beneficial interest" in a matter. Id.

Here, even without considering the Jacket submitted in Empire's Sur-Reply, the Magistrate Judge's determination that Empire is a real party in interest stands. First, Empire's Complaint alleges that Empire was the insurance provider on Enterprise's rental agreement with Pandt-Brown, Compl. ¶ 13, an allegation that the court must accept as true at the motion to dismiss stage, Venkatraman, 417 F.3d as 420. As such, Guemple cannot obtain dismissal of Empire's Complaint on grounds that there is a dispute on that question.

Second, Empire's other submitted exhibits as attached to the Complaint are sufficient to establish it as a real party in interest. These documents include the "Declarations for Rental Operator (Policyholder)" which specifically provides, "INSURANCE IS PROVIDED BY: Empire Fire and Marine Insurance Company" and lists Enterprise as the policyholder. Compl. Ex. 1 at 3, ECF No. 1-2. It also includes two letters sent by Empire to Pandt-Brown notifying her of the investigation and denial of coverage for the accident. Compl. Exs. 3-4, ECF Nos. 1-3, 1-4. Both letters provide the same identifying language: "Enterprise Holding Inc. is the administrator of a liability insurance policy . . . issued by Empire Fire and Marine Insurance Company for the coverage period beginning September 15, 2015, and you

are now claiming benefits under said policy." Compl. Ex. 3 at 2; Compl. Ex. 4 at 2. The letters identify Pandt-Brown as the driver and Guemple as the claimant. Compl. Ex. 3 at 2; Compl. Ex. 4 at 2. Accordingly, even if Guemple "was without notice of the existence of the Jacket," such lack of notice caused him no prejudice given his ample knowledge of Empire's stake in the litigation prior to that document's submission.

Importantly, if true that Empire is not a real party in interest, as Guemple suggests, that conclusion would only further support granting a declaratory judgment in favor of Empire. That is because Empire cannot both lack a significant interest in the litigation, as is required for a finding that it is not a real party in interest, while at the same time be subject to liability for the underlying injuries to Guemple. Accordingly, this objection is **OVERRULED**.

### B. Guemple's Other Objections

Courts in this jurisdiction and elsewhere in the country have repeatedly stated that "[s]ection 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized. . . ." Midgette, 478 F.3d at 621-22; Howard v. Sec'y Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008).

10

"[T]he objection requirement is designed to allow the district court to 'focus on specific issues, not the report as a whole.'" Nichols v. Colvin, 100 F. Supp. 3d 487, 496 (E.D. Va. 2015) (quoting Midgette, 478 F.3d at 621). As such, "a mere restatement of the arguments raised in the [motion to dismiss] filings does not constitute an 'objection' for the purposes of district court review." Id. Such objections are a "waste[]" of "judicial resources" and undermine "the district court's effectiveness based on help from magistrate judges." Midgette, 478 F.3d at 622.

Apart from Guemple's real-party-in-interest objection above, the remainder of his objections merely rehash the arguments he raised in his Motion before the Magistrate Judge. Guemple references his Motion and supporting memoranda as the sole support for his current objections. See Def.'s Obj. at 5 ("The action was not timely filed because the purpose of declaratory judgment[s] cannot be served as the underlying litigation has already concluded. Further explanation of this argument is provided in Mr. Guemple's Memorandum of Law in Support . . . and his Reply . . . , both incorporated herein."); id. ("As discussed in detail in his Memorandum of Law and Reply, the declaratory judgment action will not serve a useful purpose because the legal relations of the parties were settled in the state court action and because a New York state

breach-of-contract claim remains imminent."); id. at 6 ("As more fully set forth in Mr. Guemple's Memorandum of Law and Reply, New York has a strong interest in resolving this case . . . ."). Such objections fail to "guide the [c]ourt towards specific issues needing resolution" and, therefore, need not be considered on review. Nichols, 100 F. Supp. 3d at 498. Guemple's objections are, therefore, **OVERRULED**.

### C. Empire's Partial Objection as to Applicable Law

Empire, in its partial objection, contends that to the extent the R&R makes a determination on whether New York law governs the parties' dispute, such a determination is inappropriate at this juncture. Pl.'s Obj. at 1-2. Specifically, Empire states, it "anticipates that there will be a dispute over the choice of law applicable to the subject insurance policy and submits that the analysis requires a more thorough review of both Virginia and New York statutory and judicial authority." Id. at 1.

To the extent the R&R refers to New York law and briefly addresses in a footnote Virginia's conflict of laws, such statements did not constitute a determination of the applicable law to this case, and are, at most, dicta. See R&R at 14 & n.5, 17. The Magistrate Judge's statements merely evidence an assumption regarding the governing law for the sole purpose of determining whether this court's exercise of declaratory

jurisdiction is appropriate. No factual determination was necessary as to whether New York law actually governs the parties' dispute because, as the Magistrate Judge correctly found, even assuming such law does govern, this court's exercise of jurisdiction would remain appropriate. See Nautilus, 15 F.3d at 378 (That "the issues of insurance coverage raised . . . are governed by the substantive law of" a state "alone provides no reason for declining to exercise federal jurisdiction."). As such, the Plaintiff's objection relies on a misreading of the R&R and is **MOOT**. The question of what law, Virginia or New York, governs the parties' dispute remains an open one.

## IV. CONCLUSION

This court, having examined the objections to the Magistrate Judge's R&R, and having made de novo findings with respect thereto, **OVERRULES** Guemple's objections, and **FINDS** Empire's partial objection to be premature and **MOOT** at this juncture. The court **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the R&R. Accordingly, the court **DENIES** the Motion to Dismiss. The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge
REBECCA BEACH SMITH
CHIEF JUDGE

April 12, 2018

13